UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **MARK FULTZ**, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:21-cv-11464 |
| v. | ) |
| | ) |
| **YPSI-WASHTENAW HOLDINGS LLC,** a Michigan limited liability company, | ) Judge: |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

Plaintiff, Mark Fultz, individually, by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, YPSI-WASHTENAW HOLDINGS LLC, a Michigan limited liability company, for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

## JURISDICTION AND VENUE

1. This action is brought by the Plaintiff, Mark Fultz, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the

United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Eastern District of Michigan as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Mark Fultz ("Plaintiff" or "Mr. Fultz"), is a Florida resident, is *sui juris*, and qualifies as an individual with disability as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. YPSI-WASHTENAW HOLDINGS LLC's place of public accommodation, a shopping plaza commonly known as Fountain Square Shopping Center, is located at 2997 Washtenaw Ave., Ypsilanti, MI 48197 in Washtenaw County. Plaintiff has patronized Defendant's facility and the businesses located therein as a place(s) of public accommodation.

6. Upon information and belief, the shopping plaza owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA. Defendant's facility as a shopping plaza, which constitutes a place of public accommodation, fails to comply with

the ADA and its regulations, as also described further herein.

7. Mr. Fultz is an individual who, as a result of a stroke, is paralyzed on the right side of his body. He uses a manual wheelchair for mobility and can occasionally walk short distances with the use of a cane.

8. Raised in Michigan, Mr. Fultz has relatives including his son, daughter, grandchildren, and cousins in suburban Detroit. His son lives and works in Ann Arbor while his daughter resides between Ann Arbor and Detroit. Plaintiff frequents many establishments in the Washtenaw County region and has been a customer at the property that forms the basis of this lawsuit on multiple occasions.

9. Mr. Fultz patronized the Defendant's shopping plaza several times, including in 2019 and 2021 while in town to visit with his grandchildren and to attend his grandson's hockey and baseball games. While at Defendant's place of public accommodation, Mr. Fultz encountered architectural barriers at the subject property that violate the ADA and its regulations. These barriers to access have endangered his safety and protected access to Defendant's place of public accommodation.

10. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least all of those that Plaintiff is able to access; and tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the

premises to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other visits, Plaintiff also intends to visit the premises annually to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein.

11. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Defendant's place of business again on future occasions, not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the hotel and its amenities without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff by denying him access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26,

        1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

14. A preliminary inspection of the shopping plaza owned by Defendant has shown that many violations of the ADA exist, whose remedy is readily achievable. These violations include, but are not limited to:

Parking and Accessible Routes

    A. There are an insufficient number of designated accessible parking spaces and they are not disbursed throughout the plaza, in violation of the ADA whose remedy is readily achievable.

    B. Designated accessible parking spaces lack signage, in violation of the ADA whose remedy is readily achievable.

    C. There are no designated van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    D. There are cracks and changes in level on the surface of the designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    E. Designated accessible parking access aisles do not lead to an accessible route due to the presence of curbs, in violation of the ADA whose remedy is readily achievable.

    F. Some designated accessible parking spaces entirely lack adjacent access aisles, in violation of the ADA whose remedy is readily achievable.

    G. Designated accessible parking spaces have not been maintained as evidenced by fading paint and numerous cracks, in violation of the ADA whose remedy is readily achievable.

    H. Some designated accessible parking is not located on the shortest accessible route to the shopping plaza, in violation of the ADA whose remedy is readily achievable.

    I. There is no accessible route from the designated accessible parking to the retail entrances partly due to non-compliant ramps with deteriorating concrete, in violation of the ADA whose remedy is readily achievable.

    J. There is no accessible route from the plaza to the public right of way, in violation of the ADA whose remedy is readily achievable.

    K. There are cracks and changes in level along the accessible route to the retail entrances, in violation of the ADA whose remedy is readily achievable.

Subway

    L. The restroom signage is non-compliant and lacks the international symbol of accessibility and tactile Braille, in violation of the ADA whose remedy is readily achievable.

    M. The restroom door requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

    N. The restroom water closet is located too far away from the side wall to the centerline of the water closet, in violation of the ADA whose remedy is readily achievable.

    O. The restroom water closet flush control is not located on the open side of the unit, in violation of the ADA whose remedy is readily achievable.

    P. The toilet paper dispenser is not mounted in the required location, in violation of the ADA whose remedy is readily achievable.

    Q. Grab bars around the restroom water closet are not compliant, in violation of the ADA whose remedy is readily achievable.

    R. The paper towel dispenser is located above allowable reach range, in violation of the ADA whose remedy is readily achievable.

    S. The lavatory pipes are not insulated to protect against scalding or contact, in violation of the ADA whose remedy is readily achievable.

    T. The mirror is located above allowable height, in violation of the ADA whose remedy is readily achievable.

    U. The lavatory hardware requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

Policies and Procedures

    V. The Defendant lacks or has inadequate defined policies and procedures for the benefit and assistance of disabled patrons and guests, including a policy for maintaining its accessible features.

15. The discriminatory violations described in Paragraph 14 by Defendant are not an exclusive list of the ADA violations at the place of public accommodation owned and

operated by Defendant. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure *all* of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, has been denied access to Defendant's accommodations; benefit of services; activities; and has otherwise been discriminated against and damaged by the Defendant, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT

16. Plaintiff restates the allegations of ¶¶1-15 as if fully rewritten here.

17. The facility at issue, as owned by YPSI-WASHTENAW HOLDINGS LLC is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") or Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

18. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by

persons with disabilities, including Plaintiff.

19. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

20. Pursuant to 42 U.S.C. §12187, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF MICHIGAN PERSONS WITH DISABILITIES CIVIL RIGHTS ACT
## M.C.L. § 37.1301 *et seq.*

21. Plaintiff restates the allegations of ¶¶1-20 as if fully rewritten here.

22. Defendant YPSI-WASHTENAW HOLDINGS LLC's shopping plaza is a "place[s] of public accommodation" pursuant to M.C.L §37.1301(a).

23. Defendant committed an unlawful act pursuant to M.C.L §37.1302(a) by denying Plaintiff the full enjoyment of its goods, services, accommodations, advantages, facilities, or privileges. Whereas, in particular, the Defendant has failed to create safe and lawful designated accessible parking and accessible routes from parking to the retail storefronts. This risks Mr. Fultz and others' safety.

24. Pursuant to M.C.L §37.1606, Plaintiff is entitled to compensatory and applicable damages, attorney's fees and costs, in an amount to be determined at trial, but in any event not less

than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and exemplary damages, attorneys fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (p66315)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
Monroe, MI (734) 240-0848
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812) *
The Ottawa Hills Shopping Center

        4334 W. Central Ave., Suite 222
        Toledo, OH 43615
        Email: valeriefatica@gmail.com
        *Admitted to practice in the Eastern District of Michigan